UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SARAH GREIFMAN, individually and on
behalf of all others similarly situated,

                        Plaintiff,                  MEMORANDUM
v.                                               OPINION AND ORDER

GROSSMAN & KARASZEWSKI, PLLC,          19-CV-04625 (PMH)

                        Defendant.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Defendant Grossman & Karaszewski, PLLC moves *in limine* pursuant to Rule 37(c) of the Federal Rules of Civil Procedure to preclude Plaintiff Sarah Greifman from introducing certain evidence at trial (Doc. 28). Specifically, Defendant seeks preclusion of all witnesses, documents and evidence of damages predicated upon Plaintiff's failure to comply with Rule 26(a) of the Federal Rules of Civil Procedure.

## BACKGROUND

      Plaintiff commenced the instant action on May 20, 2019 as a purported class action, seeking to recover against Defendant for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Defendant filed its answer on June 25, 2019. On July 23, 2019, the parties appeared for an Initial Conference before Judge Seibel[1] and a Civil Case Management Plan and Scheduling Order was entered (Doc. 19). Judge Seibel's Order directed, *inter alia*, that "[i]nitial disclosures pursuant to Fed. R. Civ. P. 26(a) shall, if not already made, be made within 14 days of this Order." The Order included a discovery cut-off date of January 2, 2020.

      Defendant served its Rule 26(a) Initial Disclosures on or about August 7, 2019. Plaintiff did not serve any Rule 26(a) Initial Disclosures. Discovery closed on January 2, 2020 apparently

---

[1] This matter was reassigned to me on March 17, 2020.

without any discovery demands made by either party; and no request to extend the deadline was made. Plaintiff never pursued class certification, the time for which has long passed. Fed.R.Civ.P. 23(c)(1)(A). On January 21, 2020, the parties appeared for a status conference before Judge Seibel at which time a schedule for pre-trial submissions was set, including the instant motion *in limine*.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure requires the exchange of Initial Disclosures. Rule 26(a)(1)(A) provides, in relevant part, that:

> a party must, without awaiting a discovery request, provide to the other parties: (i) the name…of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims…(ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses…; (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based …

"A party must make its initial disclosures based on the information then reasonably available to it [and] is not excused from making its disclosures … because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed.R.Civ.P. 26(a)(1)(E). A party must also identify to the other parties any witnesses and documents that it intends to present at trial. Fed.R.Civ.P. 26(a)(3). "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Ebewo v. Martinez,* 309 F.Supp.2d 600, 607 (S.D.N.Y.2004) (Koeltl, D.J.) (citations omitted); *accord Agence France Presse v. Morel,* 293 F.R.D. 682, 683 (S.D.N.Y.2013) (Nathan, D.J.). The disclosure

must be made "without awaiting a discovery request" and must be timely supplemented. Fed.R.Civ.P. 26(a)(1).

Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, "[i]f a party fails to comply with Rule 26, the party is not allowed to use that information or witness to supply evidence at a trial, unless the failure was substantially justified or is harmless." *Spotnana, Inc. v. Am. Talent Agency, Inc.,* 09 Civ. 3698(LAP), 2010 WL 3341837 at *1–*2 (S.D.N.Y. Aug. 17, 2010) (Preska, D.J.). "Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request, or if there exists a genuine dispute concerning compliance." *Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09 CIV. 902 JGK HBP, 2014 WL 902649, at *4–12 (S.D.N.Y. Mar. 7, 2014) (internal quotations omitted).

The Second Circuit has identified four factors to be considered in determining whether preclusion pursuant to Rule 37 is an appropriate sanction:

> (1) the party's explanation for the failure to comply with the [disclosure obligation]; (2) the importance of the … precluded [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance.

*Patterson v. Balsamico,* 440 F.3d 104, 117 (2d Cir. 2006). "A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37." *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 294 (2d Cir. 2006). However, "as preclusion of evidence is a harsh remedy, it should be imposed only in rare situations." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 156 (S.D.N.Y. 2012) (internal quotation marks omitted).

ANALYSIS

Against Defendant's argument that Plaintiff simply failed to comply with Rule 26, Plaintiff argues that preclusion pursuant to Rule 37 should not be granted because substantial justification exists for her failure to serve Rule 26(a) Initial Disclosures. Plaintiff blames her failure on Defendant, predicated upon its counsel's emails that indicated early on that they would be withdrawing from their representation of Defendant. Plaintiff further argues that her failure to serve Rule 26(a) Initial Disclosures was harmless, as Plaintiff intends to rely only on the witnesses and documents identified by Defendant in its Rule 26 Initial Disclosures.

Applying the *Patterson* factors, Plaintiff's explanation for her failure to comply with disclosure requirements is unavailing. The only explanation given is finger-pointing at Defendant and does not amount to substantial justification. The Court has considered the e-mails annexed to Plaintiff's opposition papers, and while Defendant's conduct smacks of gamesmanship given its current motion, Plaintiff is required under all circumstances to comply with Rule 26. There is simply no exception for situations where Defendant's counsel suggests that it is going to withdraw from the representation.

The evidence sought to be precluded -- namely all witnesses, documents and any evidence of damages -- is critical to Plaintiff's lawsuit and Defendant's defense thereof. Plaintiff maintains that there is not any "new" evidence that she will seek to introduce at trial, as she will rely only on the witnesses and documents disclosed in Defendant's Rule 26 Initial Disclosures. The Court notes that Defendant had the opportunity to request documents and information supporting Plaintiff's claims in the action; and it could have deposed Plaintiff, but it appears that no such discovery was noticed or conducted at all.

Plaintiff's failure to serve disclosures turns out to be harmless because no jury trial may commence until, at the earliest, June 1, 2020. Additionally, and in light of the Standing Order issued by the Chief Judge of this Court on March 27, 2020, 20-MC-172, due to the novel coronavirus COVID-19, the fourth *Patterson* factor -- the possibility of a continuance -- has now in effect become a reality. Although the Court does not countenance the obvious failure to comply with Rule 26, in its exercise of discretion in these unique circumstances, the Court grants Defendant's motion in part, subject to the directives set forth below.

Based upon the foregoing, Defendant's motion *in limine* (Doc. 28) is GRANTED IN PART and DENIED IN PART as follows: Plaintiff's evidence at trial shall be limited to the witnesses and documents referenced in Defendant's Rule 26 Initial Disclosures (Doc. 30-3), so long as Plaintiff, within thirty (30) days of the date hereof, complies with the requirements of Rule 26 and produces all documents, if any, in her possession, custody or control referred to in section B of Defendant's Rule 26 Initial Disclosures. Plaintiff is further directed to produce within the same timeframe all documents, if any, in her possession, custody or control concerning the computation and calculation of her damages, and any analysis and underlying documents associated therewith. If Plaintiff has no documents to produce, Plaintiff shall so state in a sworn statement to be served and filed within thirty (30) days hereof. No adjournments will be considered. In the event that Plaintiff, for any reason, fails to comply with this Court's Order within thirty (30) days of the date hereof, Plaintiff shall be precluded from offering any witness, document, or evidence of damages at trial, other than referred to in her Complaint, and subject to admissibility rules, documents annexed thereto. There shall be no further discovery by either party.

The Clerk of the Court is instructed to terminate the motion (Doc. 28).

SO ORDERED:

Dated: New York, New York
      April 2, 2020

_____
Philip M. Halpern
United States District Judge