UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SARAH GREIFMAN, individually and on
behalf of all others similarly situated,

                         Plaintiff,

v.

GROSSMAN & KARASZEWSKI, PLLC,

                         Defendant.
--------------------------------------------------------X

**MEMORANDUM OPINION
AND ORDER**

19-CV-04625 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Before the Court is Plaintiff Sarah Greifman's ("Plaintiff") motion for entry of a default

judgment and an award of statutory damages and attorneys' fees and costs. For the reasons that

follow, the motion for default judgment is GRANTED in the amount of $7,952.50.

## BACKGROUND

      Plaintiff commenced this action on May 20, 2019 as a purported class action, seeking to

recover against Defendant Grossman & Karaszewski, PLLC ("Defendant") for alleged violations

of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"). (Doc. 1,

"Compl."). Plaintiff alleges that Defendant, a New York Professional Limited Liability

Company, is a "debt collector" as defined by 15 U.S.C. § 1692a(6). (*Id*. ¶¶ 8, 13).[1] Plaintiff

alleges that Defendant contacted Plaintiff by letter dated June 8, 2018 (Doc. 1-1) seeking to

collect an alleged debt in the amount of $4,071.00 on behalf of creditor JHPDE FINANCE I,

LLC ("JHPDE"), and that Defendant failed to clearly and accurately communicate the amount of

the alleged debt and the name of the creditor to whom the debt was owed, and that she did not

---

[1] Although Defendant denied in its Answer to the Complaint that it was a "debt collector" as defined by
15 U.S.C. § 1692a(6) (Doc. 10 ¶ 13), in the Joint Pretrial Order, the parties stipulated to the fact that
Defendant was regularly engaged, for profit, in the collection of debts alleged owed to others and that the
letter at issue was the initial communication sent by Defendant to Plaintiff with respect to the alleged debt
(Doc. 27 at 4).

owe any debt JHPDE. (Compl. ¶¶ 41-43, 52-61, 67-72, 77-94). Moreover, as the June 8, 2018 letter was printed on the letterhead of Defendant's law firm, Plaintiff alleges the letter failed to adequately convey her validation rights and suggested falsely that an attorney was meaningfully involved in the handling of Plaintiff's account prior to sending the letter when, in fact, there was no such attorney involvement. (*Id.* ¶¶ 135-176, 179-216).

Defendant filed its Answer on June 25, 2019. (Doc. 10). On July 23, 2019, the parties appeared for an Initial Conference before Judge Seibel[2] and a Civil Case Discovery Plan and Scheduling Order was entered. (Doc. 19). The parties next appeared for a status conference on January 21, 2020, at which time Judge Seibel set a trial schedule. (Jan. 21, 2020 Min. Entry). On February 21, 2020, Judge Seibel issued a Joint Pretrial Order. (Doc. 27). Defendant filed a motion *in limine* (Doc. 28), which Plaintiff opposed (Docs. 29, 30); and on March 9, 2020 Plaintiff filed proposed *voir dire* questions and jury instructions (Docs. 35, 36).

On July 14, 2020, Defendant's counsel moved to be relieved, advising the Court that Defendant dissolved and the entity would "no longer participate in the defense in this matter and will no longer pay the Firm for future services rendered in this matter." (Doc. 39-1 ¶ 4). The Court permitted counsel to withdraw, but because the matter was ready for trial and a corporation cannot proceed *pro se*, the Court stayed the matter 30 days to permit Defendant to retain new counsel. (Doc. 40). On October 14, 2020, the Court scheduled a telephone conference to be held on November 9, 2020, although no new attorney had filed a Notice of Appearance on behalf of Defendant on the docket. (Doc. 42). Plaintiff's counsel appeared for the November 9, 2020 conference, but Defendant did not appear, so the Court adjourned the conference to November 24, 2020 and cautioned Defendant that failure to obtain representation through a licensed attorney in this case may constitute grounds for entry of default judgment. (Doc. 43). On

---

[2] This matter was reassigned to this Court on March 17, 2020.

November 24, 2020, Defendant again did not appear and still no Notice of Appearance had been filed on its behalf; the Court granted permission to Plaintiff to move for a default judgment. (Doc. 45). Consequently, by motion dated December 29, 2020 (Docs. 57-59), Plaintiff requested that the Court enter a default judgment against Defendant.

## STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff's counsel complied with Rule 55(a) and Local Civil Rule 55.1, and the Clerk of Court accordingly issued a Certificate of Default against Defendant. (Doc. 56). In light of Defendant's abandonment of its defense of this case and resulting default, the Court accepts the factual allegations in the Complaint as true and draws all reasonable inferences in Plaintiff's favor. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). However, the "district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action." *Au Bon Pain Corp.*, 653 F.2d at 65. Furthermore, the district court does not automatically accept the allegations of the complaint relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). Although an evidentiary hearing under Rule 55(b)(2) is not required, plaintiff must establish through affidavits or other evidence "a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## ANALYSIS

Plaintiff asserts violations of numerous provisions of the FDCPA, including §§ 1692e, 1692e(2)(A), 1692e(3), and 1692e(10) (prohibiting false, deceptive, or misleading representations in connection with collection of a debt); and §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(b) (requiring a written notice within five days after the initial communication setting forth certain enumerated information concerning the debt). Based on these violations, she seeks $1,000 in statutory damages and $7,827.50 in attorneys' fees and costs.

The FDCPA is a strict liability statute, and a single violation is sufficient to establish liability. *See Ellis v. Solomon & Solomon*, P.C., 591 F.3d 130, 133, 135 (2d Cir. 2010); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Therefore, taking as true the admitted allegation that Defendant sent the June 8, 2018 letter to Plaintiff, and that Plaintiff did not owe a debt in the amount of $4,071 to JHPDE, the Court finds that Plaintiff has adequately established Defendant's violation of, at a minimum, FDCPA §§ 1692e, 1692g(a)(1), and 1692g (a)(2).

I. Statutory Damages

The FDCPA provides for a maximum of $1,000 in statutory damages. 15 U.S.C. § 1692k(a)(2)(A). "All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000 ceiling." *Savino v. Computer Credit Inc.*, 164 F.3d 81, 86 (2d Cir. 1998). In calculating an appropriate statutory damages award, the district court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Generally, courts have awarded less than the $1,000 statutory maximum damages "where there is no repeated pattern of intentional abuse or where the violation was technical." *Dunn v. Advanced Credit Recovery Inc.*, No. 11-CV-4023, 2012 WL 676350, at *3 (S.D.N.Y. Mar. 1,

2012) (quotation omitted); *see, e.g., Cordero v. Collection Co., Inc.*, No. 10-CV-5960, 2012 WL 1118210, at *2 (E.D.N.Y. Apr. 3, 2012) (awarding $250 statutory damages where defendant sent plaintiff one letter requesting payment of an outstanding medical bill in order to avoid any further legal action); *Copper v. Global Check & Credit Servs., LLC*, No. 10-CV-145S, 2010 WL 5463338, at *2 (W.D.N.Y. Dec. 29, 2010) (awarding $250 statutory damages where defendant called plaintiff's daughter more than once, disclosed plaintiff's debt, and failed to provide proper notice of the debt). In this case, the Complaint and facts stipulated in the Joint Pretrial Order indicate that the letter submitted to the Court was the only written communication from Defendant, and Plaintiff does not allege having received any telephone calls.

Having reviewed the June 8, 2018 letter, the Court finds that, while it fails to comply with the FDCPA, it does not establish particularly egregious or intimidating conduct. Therefore, Plaintiff is awarded $250. *Compare Bonafede v. Advanced Credit Sols., LLC*, No. 10-CV-956S, 2012 WL 400789, at *3 (W.D.N.Y. Feb. 7, 2012) (awarding plaintiff $250 where debt collector made more than one call, and disclosed plaintiff's private information to a third party); *and Twarozek v. Midpoint Resol. Grp., LLC*, No. 09-CV-731S, 2011 WL 3440096, at *4 (W.D.N.Y. Aug. 8, 2011) (awarding plaintiff $250 for one improper telephone call reporting a bounced check); *with Engler v. Atlantic Resource Mgmt., LLC*, 10-CV-968S, 2012 WL 464728, at *3 (W.D.N.Y. Feb. 13, 2012) (awarding $500 to plaintiff where debt collector contacted his supervisor at his place of employment); *and Dowling v. Kucker Kraus & Bruh, LLP.*, No. 99-CV-11958, 2005 WL 1337442, at *4 (S.D.N.Y. June 6, 2005) (awarding $550 where collector violated the FDCPA "dozens of times").

II. <u>Attorneys' Fees and Costs</u>

The FDCPA provides for recovery of reasonable attorneys' fees and costs. *See* 15 U.S.C. § 1692k(a)(3). Plaintiff's counsel requests $7,827.50 in attorneys' fees and costs, representing 22.5 hours of attorney time at a rate of $450 per hour for partners, $325 per hour for senior associates, and $250 per hour for junior associates; 2.6 hours of paralegal time at a rate of $100 per hour; a purported $450 court filing fee; and a $75 service of process fee.

The starting point in determining attorneys' fee awards is calculation of the "lodestar" by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation; the lodestar creates a presumptively reasonable fee. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 188-90 (2d Cir. 2008). The hourly rates used in determining a fee award should be "what a reasonable, paying client would be willing to pay." *Id*. at 184. Reference to market rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" can assist the court in determining the reasonable hourly rate to be applied. *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998); *see also City of Providence v. Aeropostale, Inc.*, No. 11-CV-7132, 2014 WL 1883494, at *13 (S.D.N.Y. May 9, 2014) (approving hourly billing rates ranging "from $640 to $875 for partners, $550 to $725 for counsels, and $335 to $665 for other attorneys"); *Torres v. Colvin*, No. 11-CV-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) (relying on a "substantial body of case law" that awarded per-hour fees "well in excess of $1,000.00 dating from 2006").

To determine the amount of attorney time reasonably spent prosecuting the case, "the court looks to its own familiarity with the case and . . . its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d

Cir. 1992) (internal quotation omitted). To establish entitlement to an award, a plaintiff must submit documentation including "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (citation omitted). A review of the attorney declaration and billing records submitted by Plaintiff, and in light of the Court's familiarity with this case, leads the Court to conclude that the rates charged are reasonable for work of this sort in the Southern District of New York, and that the number of hours expended is not excessive. Thus, the Court finds that that all relevant factors support an award of attorneys' fees in the amount of $7,302.50.

Finally, Plaintiff seeks costs in the total amount of $525 consisting of the "United States District Court Filing Fee" and $75 for process service fees. Although Plaintiff is entitled to recover such costs, she has not provided any documentation in support of the request. Moreover, it is not clear to the Court that the $450 line item for the filing fee is an accurate figure. Instead, the Court will take judicial notice of the $400 filing fee in the Southern District of New York[3] and award Plaintiff costs in that amount. *Dona v. Midland Credit Mgmt., Inc.*, No. 10-CV-0825, 2011 WL 941204, at *4 (E.D.N.Y. Feb. 10, 2011), *adopted by* 2011 WL 939724 (E.D.N.Y. Mar. 15, 2011).

---

[3] The docket in this case reflects that a filing fee in the amount of $400 was paid by Plaintiff at the time of filing the Complaint, noting "Receipt Number ANYSDC-16918841." (*See* May 20, 2019 Entry).

## **<u>CONCLUSION</u>**

The Clerk of Court is respectfully directed to enter a default judgment in favor of Plaintiff Sarah Greifman and against Defendant Grossman & Karaszewski, PLLC, in the amount of $7,952.50 (representing $250 in statutory damages under the FDCPA and $7,702.50 in attorneys' fees and costs), and to close this case.

SO ORDERED:

Dated:  White Plains, New York
        March 31, 2021

_____
Philip M. Halpern
United States District Judge